| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>WARREN S. JONES, JR., ESQUIRE<br>Bar #003781980<br>Law Offices of Warren S. Jones, Jr., LLC<br>1 Trinity Lane<br>Mount Holly, NJ 08060<br>(609) 261-8400<br>(609) 261-5252 fax<br>email@warrensjones.com<br>In re:<br>　　　**Joanna L. Garrison** | Case No.:　**22-17461**<br><br>Chapter:　**13**<br><br>Adv. No.:<br><br>Hearing Date:　**12/14/2022**<br><br>Judge:　**Michael B. Kaplan** |

# CERTIFICATION IN SUPPORT OF MOTION

# FOR DAMAGES FOR VIOLATIONS OF THE AUTOMATIC STAY

1. Debtor(s), **Joanna L. Garrison**, commenced this case on **September 21, 2022** by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code.

2. The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

3. Pursuant to the Certificate of Notice (Doc 6), Creditor JCP&L (hereafter "Creditor") was mailed a Notice of Bankruptcy Filing (Form 309A) to 880 Pinewald Keswick Rd on 9/24/2022.

4. At or about 5:00 p.m. on November 2, 2022, Creditor's agent or employee reportedly attempted to terminate electricity service at the Debtor's home in violation of the automatic stay.

5. On November 3, 2022, Debtor and a representative from the Debtor's attorney's office conducted a conference call with Creditor wherein Creditor's representative accurately provided the case number but indicated the case "could not be verified."

6. Creditor's representative either could not or would not provide a corporate address for purposes of serving this instant motion.

7. On the same phone call, Creditor's representative (identified by Samantha ID No. 271629) after providing to Debtor the bankruptcy case number continued to indicate that disconnection of the Debtor's service could not be delayed unless a payment arrangement was approved and Creditor indicated a down payment would be required to facilitate any payment arrangement. The same Creditor's representative then asked if the balance could be paid to avoid the disconnection of service.

8. Creditor continued to insist that termination of electricity would not be postponed to investigate the automatic stay Order of the Bankruptcy Court.

9. After multiple attempts to have the Creditor's representative elevate the matter, another representative (Ashley ID No. 54162) confirmed the disconnection would be terminated.

10. Given the Creditor provided the case number on the aforesaid conference call and given the aforesaid mailing, Creditor's violation of the automatic stay are willful and deserving of sanctions.

11. This instant motion follows the foregoing events and it is unknown at this time if service will be disconnected prior to the date of the hearing in this matter.

12. Service of this motion is being made pursuant to the Rules of Court; however, it is noteworthy that a copy of this motion is being served upon Hyun Park who is, upon information and belief, the Chief Legal Officer of Creditor.

13. The aforesaid phone call alone exceeded 57 minutes.

14. This has caused Debtor great stress and anxiety.

15. I can represent that I often have trouble with utility companies that require debtors in bankruptcy to satisfy their corporate policy requirements beyond the notice provided by the Court; this case is no exception.

I certify that the foregoing statements by me are true. I understand that if any statement is willfully false, I am subject to punishment.

WHEREFORE, debtor(s) pray for an order against **JCP&L** and requiring said creditor to pay legal fees in the amount of $900 for the costs of the time of the said phone call, drafting this motion, and appearance, if necessary, along with punitive damages, and for such additional or alternative relief as may be just and proper.

Dated: November 3, 2022        Signature:    **/s/ WARREN S. JONES, JR.**
                                              **WARREN S. JONES, JR.**